Prakash **MELWANI**, Plaintiff–Appellant,

v.

**FIRST USA BANK, N.A.**, Also Known as Bank One, Delaware, N.A., Defendant–Appellee.

Prakash Melwani, Plaintiff–Appellant,

v.

**Citibank (South Dakota), N.A.**, AKA Citi Cards, AKA Sony Card, Defendant–Appellee.

Prakash Melwani, Plaintiff–Appellant,

v.

**AT & T Universal Card**, Defendant–Appellee.

Nos. 03–7806–CV, 03–7807–CV, 03–7813–CV.

United States Court of Appeals, Second Circuit.

April 28, 2004.

Prakash Melwani, New York, New York, for Appellant, pro se.

Noah A. Levine, Wilmer Cutler Pickering LLP, New York, NY, for Citibank (South Dakota), N.A., for Citibank (South Dakota), N.A. and Bank One, Delaware, N.A., for Citibank (South Dakota), N.A., for Appellees.

Present: NEWMAN, KATZMANN, Circuit Judges, and KOELTL,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the District Court are **AFFIRMED.**

Plaintiff-appellant Prakash Melwani, *pro se*, appeals from the judgments of the district court dismissing his complaints against defendant-appellees Bank One, Delaware, N.A., and Citibank (South Dakota), N.A. (the "Banks").[1] The parties' familiarity with the facts is assumed. In brief, appellant alleged that, in their reports to credit bureaus, the Banks unlawfully attributed to him debts owed on credit cards of which he was an authorized user but not an account holder or co-signer. For the reasons that follow, we affirm.

Regulation B of the Equal Credit Opportunity Act, 12 C.F.R. pt. 202, requires a creditor that furnishes credit information to a credit bureau to designate accounts to reflect the participation of both spouses if the primary account holder's spouse is "permitted to use or is contractually liable on the account." *See* 12 C.F.R. § 202.10. In reporting this credit information, the creditor is not required to "distinguish between accounts on which the spouse is an authorized user and accounts on which the spouse is a contractually liable party." 12 C.F.R. pt. 202, Supp. I (official staff interpretations to § 202.10). This regulation preempts any inconsistent state laws. *See* 12 C.F.R. § 202.11.

Appellant conceded in the district court that he is married to the primary account holder of the credit card accounts at issue. Because, under Regulation B, the Banks were thus required to report appellant's participation on the accounts, they may not be held liable for doing so. We have considered all of appellant's arguments and find them to be without merit.

For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED.**

---

1. The Banks were misidentified in appellant's pleadings as First USA Bank, N.A., Citi Cards, and AT & T Universal Card.